IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE WEAVER,

      Plaintiff,                          No. 2:12-cv-0804 WBS EFB P

     vs.

THRAFT, et al.,

      Defendants.                FINDINGS AND RECOMMENDATIONS

                                  /

       Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed *in forma pauperis*. A prisoner may not proceed *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). It appears that on at least three prior occasions, plaintiff brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim

////

1

upon which relief may be granted.[1] *See Weaver v. California Corr. Inst.*, No. 1:06-cv-01429 OWW SMS P (E.D. Cal. Apr. 20, 2007) (order dismissing action as frivolous and malicious); *Weaver v. CCI-Tehachapi*, No. 1:04-cv-6079 LJO WMW P (E.D. Cal. Dec. 7, 2007) (order dismissing action for failure to state a claim); *Weaver v. Appeal Coordinator*, No. 1:06-cv-0134 OWW DLB P (E.D. Cal. Aug 28, 2006) (order dismissing action for failure to state a claim).

Further, it does not appear that plaintiff was under imminent threat of serious physical injury when he filed the complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. Cal. 2007). The complaint concerns the alleged mishandling of plaintiff's legal mail. *See* Dckt. No. 1. Plaintiff's allegations do not demonstrate that he suffered from imminent danger of serious physical injury at the time he filed his complaint. Thus, the imminent danger exception does not apply.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis* (Dckt. No. 7) be denied;

2. Plaintiff be directed to pay the $350 filing fee within 21 days of any order adopting this recommendation; and

3. Should plaintiff fail to pay the filing fee in full as ordered, it is RECOMMENDED that this case be dismissed. *See* 28 U.S.C. § 1914(a).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: June 26, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE